■ McLain Dock & Stone Co., Inc., et al., Respondents, v. Incorporated Village of Port Jefferson, Appellant.— In an action (a) to declare an ordinance adopted by defendant invalid, illegal, unconstitutional, discriminatory and of no force and (b) to enjoin defendant from taking any steps to enforce said ordinance, defendant appeals from an order of the Supreme Court, Suffolk County, entered February 11, 1965, which denied defendant's motion to dismiss the complaint on the ground *inter alia* that it fails to state a cause of action. Order modified by providing therein that the motion is granted as to plaintiffs Davis Industries, Inc., and Adco, Inc., and denied as to the remaining two plaintiffs, and by striking out so much of the decretal paragraph as is to the contrary. As so modified, order affirmed, with one bill of $10 costs and disbursements to said remaining two plaintiffs. The defendant's time to answer is extended until 20 days after entry of the order hereon. In our opinion, the complaint fails to allege that plaintiffs Davis Industries, Inc., and Adco, Inc., come within the scope of the ordinance or that their property or rights are directly affected by it (*Kipp* v. *Incorporated Vil. of Ardsley*, 13 A D 2d 1012). Defendant adopted an ordinance designated "Ordinance 24 Licensing of Materials Transport." Plaintiffs brought this action for a declaratory judgment, alleging that the ordinance is unconstitutional and adopted by the defendant village without statutory authority. Plaintiffs McLain Dock & Stone Co., Inc., and New Yok Trap Rock Corporation alleged that they are in the business of selling, buying and transporting by motor vehicles sand, stone and gravel from property they own or lease in defendant village, that the ordinance is invalid, illegal, unconstitutional and discriminatory against each of said plaintiffs and the businesses conducted by them and that each of them is aggrieved thereby. As to these plaintiffs the complaint states a justiciable issue and Special Term correctly held that as a matter of law the pleading should not be dismissed as to them (*Trio Distr. Corp.* v. *City of Albany*, 2 N Y 2d 690). This is the limit of our decision. We do not consider or pass upon the reasoning and conclusion of Special Term as to the validity of the ordinance. Neither such reasoning nor such conclusion is pertinent to the issue. (*Baldwin* v. *City of Buffalo*, 7 A D 2d 386, 388.) Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.